SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
*mburns@seyfarth.com*
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Steven A. Erkel (SBN 299263)
*serkel@seyfarth.com*
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:    (916) 558-4839

*Attorneys for Defendants*
HARDWOODS SPECIALTY PRODUCTS US LP,
MANUEL LAVRADOR and TIM CLAUSEN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| JOHN JENSEN,<br><br>              Plaintiff,<br><br>     v.<br><br>HARDWOODS SPECIALTY PRODUCTS US LP, MANUAL LAVRADOR, individually, TIM CLAUSEN, individually, Does 1 through 100, Inclusive,<br><br>              Defendants. | Case No. _____<br><br>[Removal from Sacramento Superior Court]<br><br>**DEFENDANTS HARDWOODS SPECIALTY PRODUCTS US LP'S, MANUAL LAVRADOR'S, AND TIM CLAUSEN'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[DIVERSITY JURISDICTION]<br><br>Date Action Filed: March 25, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT HARDWOODS SPECIALTY PRODUCTS US LP ("Hardwoods"), MANUEL LAVRADOR, and TIM CLAUSEN (collectively, the "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to sections 1332, 1441 and 1446 of Title 28 of the United States Code.

**I.   PLEADINGS, PROCESSES AND ORDERS**

1. On **March 25, 2022**, John Jensen ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California for the County of Sacramento, entitled: *Jensen v. Hardwoods Specialty Products US LP, et al.*, Case No. 34-2022-00317410 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Michael J. Burns.

2. The Complaint purports to allege six (6) causes of action under the Fair Employment and Housing Act ("FEHA"): (1) Violation of California's Family Rights Act ("CFRA"), California Government Code §12945.1 *et seq.*; (2) retaliation in violation of California Government Code §12945.1 *et seq.*; (3) gender discrimination in violation of California Government Code §12940 *et seq.*; (4) harassment in violation of California Government Code sections 12923, 12940, and 12940(j)(3); (5) failure to take steps reasonably necessary to prevent discrimination and retaliation in violation of California Government Code §12940, *et seq.*; and (6) violation of public policy, California Government Code §12940, *et seq*.

3. On or around **April 5, 2022**, Plaintiff served Defendant Hardwoods with the Complaint. Messrs. Lavrador and Clausen were served on April 5, 2022 and April 7, 2022, respectively. Attached to the concurrently filed Declaration of Michael J. Burns as **Exhibits B - I** are true and correct copies of the (1) Complaint; (2) Summons; (3) Proof of Service of Summons; (4) the Civil Case Cover Sheet and Addendum; (5) Civil Docket; (6) Order Re: Delay in Scheduling the Initial Case Management Conference; and (7) Defendants' Answer to the Complaint.

4.      **Exhibits A-I** constitute all pleadings, processes and orders served on, or filed by, Defendants in this action. (*See* Declaration of Michael J. Burns ("Burns Decl."), at ¶ 2.)

5.      Messrs. Clausen and Lavrador consent to the removal of this action to the U.S. District Court for the Eastern District of California. (*Id*., ¶ 3.)

## II.   TIMELESS OF REMOVAL

6.      The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §§ 1446(b); *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) ("the 30-day deadline for a defendant named in the complaint to remove a case to federal court begins when the defendant is subject to either service of the summons and complaint, or receipt of the complaint 'through service or otherwise.'") (internal citation omitted.)

7.      The service of process that triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law."). This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on April 5, 2022. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

## III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.   Plaintiff Is A Citizen Of California

9. "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

10. Defendant Hardwoods' internal records reflect that Plaintiff is a resident of California. (Declaration of Renee Murdoch ("Murdoch Decl." ), ¶ 9.)

11. A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile"); *Fjelstad v. Vitamin Shoppe Indus. LLC*, No. 2:20-CV-07323 ODW (AFMX), 2021 WL 364638, at *3 (C.D. Cal. Feb. 3, 2021).

12. Plaintiff is and, at all times since the commencement of this action, has been a resident and citizen of the State of California. The Complaint alleges that he is "a resident of the State of California." (Burns Decl., Ex. A [Compl., ¶ 3].)   Further, Hardwoods is informed and believes, and on that basis alleges, that Plaintiff's last known address is in the City of Sacramento, California (Garden Valley, CA). (Murdoch Decl., ¶ 9.)

13. Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the State of California.

### B.   Defendant Hardwoods Is Not A Citizen of California

14. Hardwoods is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15. "A limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1).)

16. Moreover, unincorporated associations, such as limited partnerships, are also treated as "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also*

*Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195 (1990) (same).

17. In this case, Hardwoods is now, and ever since the commencement of this action, has been a limited partnership company, organized under the laws of the State of Delaware with its principal place of business in Renton, Washington. (Murdoch Decl., ¶¶ 5-7.) Specifically, Hardwoods' headquarters are located in Renton, Washington, and the majority of its executive and administrative functions take place in Washington. (*Id*.) This includes final decision-making and oversight of the following operations and divisions: financial, legal, marketing, tax, benefits, information technology, human resources, and the general operations of Hardwoods' business. (*Id*.)

18. Hardwoods' policies and procedures in connection with these operations and divisions are primarily formulated in Washington. (*Id.*) Many of Hardwoods' high-level executives maintain their offices in Washington. (*Id.*) In sum, although Hardwoods may conduct activities to varying degrees in California, the bulk of its corporate activity is centered in Washington; it is the location of the majority of the Hardwoods' administrative managerial activities, and the primary base of its operations. (*Id.*) Accordingly, Hardwoods' principal place of business is Renton, Washington. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19. Moreover, none of Hardwoods' partners are citizens of California. Hardwoods has one partner and it is located in Washington State.

20. Accordingly, Defendant Hardwoods is, and has been since this action commenced, a citizen of both Delaware and Washington.

**C. Because Defendants Manuel Lavrador And Tim Clausen Are "Sham Defendants," Their Citizenship Must Be Disregarded For Determining Diversity Jurisdiction**

21. Defendants Manuel Lavrador and Tim Clausen must be disregarded for purposes of diversity because they are "sham" defendants, *i.e.*, they cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident

defendant after it was shown that plaintiff "could not possibly prevail" on her claim against the resident defendant); *Williams v. Volkswagen Grp. of Am., Inc.*, No. 1:21-CV-00275 JLT EPG, 2022 WL 538970, at *2 (E.D. Cal. Feb. 23, 2022) ("Joinder is fraudulent if the plaintiff fails to state a cause of action against the non-diverse defendant, and that failure is obvious according to the well-settled rules of the state.") (internal quotation marks, citation and brackets omitted).

22. Messrs. Lavrador and Clausen are sham defendants because they have been fraudulently named. Joinder of a defendant is fraudulent and a "sham" if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

23. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

    **1.    Messrs. Lavrador and Clausen Are Sham Defendants Because There Is No Basis For Any Personal Liability For Plaintiff's Claims Alleged Against Them**

24. Plaintiff's Complaint arises from an employment dispute with his former employer, Hardwoods. However, Plaintiff has fraudulently named Messrs. Lavrador and Clausen in his Fourth Cause of Action (Harassment in violation of FEHA, California Government Code sections 12923, 12940 and 12940(j)(3)), the only "claim" asserted against them. (The use of the word claim is hardly appropriate here given how legally and factually thin the allegations in the Complaint are.)

25. It is well-settled in California that "[h]arassment claims … focus on situations in which the *social environment* of the workplace becomes intolerable because the harassment … *communicates an offensive message to the harassed employee*." *Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 932 (2021) (internal citation and brackets omitted) (emphasis added). In other words, "harassment

6
DEFENDANTS' NOTICE OF REMOVAL

82544848v.7

refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Id*. (internal citation omitted).

26. California law makes clear, however, that a claim for harassment cannot be based on everyday personnel management activities, such as "hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions." *Sendejas v. Coca-Cola Refreshments, USA, Inc*., No. CV 18-2203-MWF (EX), 2018 WL 2759391, at *3 (C.D. Cal. June 7, 2018) (citing *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 62–63 (1996).) "Importantly, a harassment claim based on managerial functions fails "even if improper motivation is alleged." *Id*. (citing *Janken*, 46 Cal. App. 4th at 62–63). "Harassment, then, does not include conduct simply necessary for the performance of [a] supervisory employee's job." *McBroom v. Wal-Mart Stores, Inc.*, No. 2:15-CV-02648 MCE-EFB, 2016 WL 3549606, at *3 (E.D. Cal. June 30, 2016) (internal citation and quotation marks omitted).

27. According to the Complaint, Plaintiff alleges four encounters he had with either Mr. Clausen or Mr. Lavrador: *first*, Plaintiff informed Mr. Clausen that he would be returning to work following his leave (Burn Decl., Ex. A [Compl., ¶ 15]); *second*, Mr. Lavrador informed Plaintiff that he "assumed Plaintiff was not returning to work allegedly because Plaintiff had not contacted him during his leave of absence" and then later admitted to another employee "that another employee had taken Plaintiff's position and 'it [was] too late to go back.'" (*id*., ¶ 18); *third*, after Plaintiff's leave, Mr. Lavrador informed him that he could work as a truck driver or warehouse worker but could not return to his previous position (*id*., ¶ 19); and *fourth*, Mr. Clausen behaved in a cold and indifferent manner and made clear that Plaintiff was no longer welcome at the workplace. (*Id*., ¶ 20). Plaintiff makes no allegations alleging any type of offensive, inappropriate and/or animus laden comments/conduct in the Complaint.

28. As a matter of law, Messrs. Clausen and Lavrador cannot be liable for these actions because, at most, they were personnel management activities that are common practice in every workspace on a daily basis. *Sendejas*, 2018 WL 2759391, at *3. Messrs. Clausen's and Lavrador's subjective intentions for these interactions are also irrelevant to establishing a harassment claim. *Id*. Moreover, in

no instance, has Plaintiff alleged that either Messrs. Clausen or Lavrador communicated "an offensive message to the harassed employee." *Pollock*, 11 Cal. 5th at 932.

29. Therefore, Messrs. Clausen and Lavrador are sham defendants and their citizenship should be disregarded for purposes of the diversity analysis.

**D.    Residence And Citizenship Of Doe Defendants To Be Disregarded**

29. Plaintiff has also named Does 1 through 100 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unknown defendants sued as "Does" need not be joined in a removal petition). Thus, the existence of alleged Doe defendants in this case does not deprive this Court of jurisdiction.

30. Accordingly, pursuant to 28 U.S.C. Section 1332(c), Plaintiff and Hardwoods and its partners have diverse citizenships and diversity jurisdiction is proper.

**IV.    Amount in Controversy**

31. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

32. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, attorney's fees, and penalties. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into

account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorney's fees and punitive damages).

33. Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy....In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

34. Here, considered together, the general and special damages sought by Plaintiff, along with the attorney's fees, punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

**A.   Alleged Lost Wages and Benefits**

35. Plaintiff seeks economic damages in the form of lost wages. (Burns Decl., Ex. A [Compl., ¶¶ 32, 45, 53, 63, 70, 77, and Prayer for Relief Nos. 1-2].) At that time, Plaintiff worked on average 40 hours per week, which amounted to approximately $60,008.00 in annual salary. (Murdoch Decl., ¶ 10.) Plaintiff also received approximately $5,000 in benefits from Hardwoods, including dental, life insurance, long term disability, AD&D, vision and EAP. (*Id*.)

36. Without admitting the veracity of Plaintiff's allegations or the amount of alleged damages, if Plaintiff were to succeed in his claims, assuming the case went to trial in a year from today's date, Plaintiff could obtain an economic damage award of just back wages of over approximately $105,000.

37. This exceeds the jurisdictional minimum, without considering non-economic damages (such as emotional distress or punitive damages, all of which Plaintiff seeks) or attorney's fees.

38. Since Plaintiff meets this jurisdictional minimum with a reasonable estimate of his back pay damages alone, it is safe to say that the amount in controversy exceeds $75,000 in this case.

### B.   Alleged Emotional Distress Damages

39.   In addition to lost wages, Plaintiff alleges emotional distress damages. (Burns Decl., Ex. A [Compl., ¶¶ 33, 45, 54, 64, 71, 78].)

40.   In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. Feb. 13, 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, the court may assess likely emotional distress damages by reference to damage awards in similar discrimination cases."

41.   California jury verdicts in similar cases often exceed $75,000 for emotional distress damages. *See Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 7, 2011 ) (jury award $1,000,000 to each plaintiff for emotional suffering and physical pain in a discrimination and failure to prevent discrimination or retaliation (among other claims) action); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action).

### C.   Alleged Attorney's Fees

42.   Plaintiff's Complaint also contains a prayer for statutory attorney's fees. (*See e.g.*, Burn Decl., Ex. A [Compl., Prayer for relief No. 6].)  Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

43.   Here, FEHA grants courts discretion for the recovery of attorney's fees. *See* Cal. Gov't Code § 12965 (c)(6).

44.   Verdicts show that attorney's fees in employment cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination).

45. Here, Plaintiff, if successful, would be entitled to an award of attorney's fees that itself "more likely than not" would exceed $75,000.

### D. Alleged Punitive Damages

46. Plaintiff also seeks punitive damages against Defendants. (Burns Decl., Ex. A [Compl., Prayer for Relief, No. 8].) For purposes of calculating the amount in controversy, the Court must assume that Plaintiff will prevail on his claim for punitive damages. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

47. Verdicts in similar cases show that, when awarded, punitive damages in discrimination and wrongful termination cases typically exceed $75,000. *See, e.g.*, *Ward*, 2011 WL 7447633 (awarding over $1,000,000 in punitive damage for each plaintiff in a discrimination and failure to prevent discrimination or retaliation (among other claims) action).

48. Therefore, while Defendants deny any liability, for the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of costs and interests, as required by 28 United States Code section 1332(a).

## V. VENUE AND INTRADISTRICT ASSIGNMENT

49. Venue lies in the United States District Court, Eastern District of California, Sacramento Division, pursuant to 28 United States Code section 84(b). Plaintiff originally filed this action in the Superior Court of the State of California, County of Sacramento, which is located within the jurisdiction of the United States District Court, Eastern District of California, Sacramento Division. Thus, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court, Sacramento Division, pursuant to 28 United States Code sections 1391(a) and 1441(a).

## VI. NOTICE OF REMOVAL

50. Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

51. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

DATED: May 5, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Michael Burns*
    Michael Burns
    Steven A. Erkel

Attorneys for Defendants
HARDWOODS SPECIALTY PRODUCTS US LP, MANUEL LAVRADOR and TIM CLAUSEN

82544848v.7